UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JEFFREY RAY BEARD     Plaintiff

v.     Civil Action No. 3:20-CV-P28-RGJ

DISMAS CHARITIES INC., *et al.*     Defendants

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner civil-rights action. The Court has granted Plaintiff Jeffrey Ray Beard leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and a motion for leave to amend the complaint (DN 14). For the reasons set forth below, the Court will dismiss this action and deny the motion to amend as moot.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Dismas Charities, Inc. ("Dismas"); Shara Wilder, Dismas Director; Mr. Norton, Dismas Assistant Director; Mrs. Clayton, Dismas Counselor; and Mr. Hayden, Dismas Case Manager. He sues the Dismas employees in both their official and individual capacities. Plaintiff also sues three unknown employees of the "Social Security Office" in both their official and individual capacities; Christopher Lacy, whom Plaintiff alleges was under "1/2 way house supervision"; and Gary Thompson, whom he alleges was a resident at Dismas.

On June 1, 2018, Plaintiff's term of supervised release was revoked, and he was committed to the custody of the federal Bureau of Prisons (BOP). *See United States v. Beard*, 1:02-cr-00057-GNS (DN 173). At some point, the BOP determined that he should serve the remainder of his sentence at Defendant Dismas in Louisville, Kentucky, a non-profit halfway house.[1] Plaintiff

---

[1] According to its website, Dismas is a non-profit which operates 33 state and federal residential re-entry centers and support offices in 14 states. *See* www.dismas.com/about.

alleges that the Dismas Defendants failed to protect him from harassment and abuse from both "themselves" and Defendants Lacy and Thompson.  Specifically, Plaintiff alleges that Defendant Lacy assaulted him while he was incarcerated at Dismas.  Plaintiff states that he made a police report concerning this incident after the Dismas Defendants failed to "take care of in house." Plaintiff alleges that Defendant Thompson then began calling him "RAT-RAT-RAT" and said that he was "gonna kill me."  Plaintiff states that he "called 911 again" and that when "4 officers came this time I was given instructions . . . after I made reports to [Louisville Metro Police Department (LMPD)] to go and sign warrants on Mr. Lacy and Mr. Thompson," but the Dismas Defendants "did not let me do this."  Plaintiff states that, instead, they called the "BOP Federal Coordinator and made false claims against me," which caused Plaintiff to be transferred to the Grayson County Detention Center (GCDC) to serve out the remainder of his sentence.  Plaintiff specifically states that Defendant Wilder had him "illegally thrown out of ½ way house on December 13, 2019, . . . for a combination of things[,]" including because she already had animosity toward him due to events that occurred in 2013.[2]

Plaintiff states that Dismas Defendant Mr. Hayden "would find somethen to pick on me over.  As he had a job to perform of antagonizing me and pure harassment of me . . . ."  Plaintiff writes that Defendant Hayden "made it a point to find some nit-picking items to harass and provoke me over."  Plaintiff states that several other employees "also [] seem to have the same orders from Shara or Mr. Norton to perform the same task of pure harassment []."   He states that Dismas Defendant Norton threatened to call "911 on me" several times.

---

[2] Plaintiff also makes several allegations against the Dismas Defendants regarding events that occurred in 2013 and 2014.  In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  Thus, to the extent that Plaintiff is asserting any claims based upon these alleged incidents, they are time-barred.

2

Plaintiff claims that Defendant Dismas Director Wilder is "evil, vicious money hungrey does not do residents their any provision of readjustment to streets except line their pockets with the 25% of gross wages received from residents. We are abused by staff of Dismas continually." He writes that "the whole place of Dismas Charities Louisville . . . is a FARCE. Does not assist individuals as set up to do."

Plaintiff then makes several allegations regarding events occurring at Dismas which affected other residents but not himself.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

3

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### III. ANALYSIS

#### A. Dismas Defendants

Plaintiff specifically alleges that the Dismas Defendants violated his rights under the Eighth Amendment and the Americans with Disabilities Act (ADA). The Court will address each of these claims in turn.

##### 1. Constitutional Claims

At the outset, the Court notes that it is unclear whether Plaintiff can bring constitutional claims against the Dismas Defendants. In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Supreme Court recognized a cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally. 403 U.S. 388, 389 (1971). In order to raise a *Bivens* claim, a plaintiff must show: 1) that the defendants in question were acting under color of federal law; and 2) that the plaintiff lacked any alternative remedies for the defendants' conduct. *See generally Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). In *Malesko*, the Supreme Court specifically held that no private cause of action should be implied under *Bivens* against a private corporation operating a halfway house under contract with BOP. *Id*. at 69-74. Thus, it appears that Plaintiff cannot pursue his constitutional claims against Dismas itself. What is less clear is whether Plaintiff may bring *Bivens* claims against the Dismas employees named as Defendants in this action. *See, e.g.*, *Griffin v. Leconte*, No. 3:17-CV-89, 2018 U.S. Dist. LEXIS 84310, at *4-5 (N.D.W.Va. Jan. 2, 2018) (holding that a plaintiff could not bring

4

*Bivens* claims against Dismas employees because they are not federal employees); *Bujduveanu v. Dismas Charities*, No. 11-20120-CIV-SIMONTON, 2013 U.S. Dist. LEXIS 204809 (S.D. Fla. Mar. 29, 2013) (rejecting Dismas defendants' argument that the plaintiff could not pursue *Bivens* claims against them since they are not federal actors); *Peel v. Woods*, No. 5:15-CV-8-KKC, 2015 U.S. Dist. LEXIS 33005 (E.D. Ky. Mar. 17, 2015) (addressing a federal prisoner's constitutional claims against Dismas employees on the merits). For purposes of this review, the Court will assume without deciding that Plaintiff's *Bivens* claims against the Dismas Defendants are proper and will address them on their merits.

### a. Failure to Protect

The Court construes Plaintiff's claim against the Dismas Defendants based upon the alleged attack by Defendant Lacy and the alleged harassment by Defendant Thompson as Eighth Amendment failure-to-protect claims. To state such a claim, a prisoner must show that a prison official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id*. at 835. Plaintiff cannot hold any of the individual Defendants liable unless he can show that they subjectively knew of an excessive risk of harm to Plaintiff's safety and then disregarded that risk. *Id*. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" does not state a claim for deliberate indifference. *Id*. at 838.

Here, Plaintiff makes no allegation that any Dismas employee knew of a risk of harm to him from Defendant Lacy or Defendant Thompson. Thus, the complaint does not show that the Dismas Defendants were deliberately indifferent to Plaintiff's safety. As such, Plaintiff's failure-to-protect claims must be dismissed for failure to state a claim upon which relief may be granted.

### b. Verbal Harassment

The Court next turns to Plaintiff's allegation that he was harassed by several Dismas employees themselves. Although reprehensible and not condoned, verbal abuse and harassment are insufficient to state a claim under the Eighth Amendment. *See, e.g.*, *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); Thus, these claims must also be dismissed for failure to state a claim upon which relief may be granted.

### c. Transfer to GCDC

Plaintiff also claims that the Dismas Defendants violated his constitutional rights when they caused him to be transferred to GCDC to serve out the remainder of his sentence. The Court construes this claim as being brought under the Due Process Clause of the Fifth Amendment. A prisoner, however, has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Further, a prisoner has no constitutionally protected interest in rehabilitative programs. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Thus, the Court also will dismiss this claim for failure to state a claim upon which relief may be granted.

### d. Allegations Regarding Other Residents

To the extent that Plaintiff seeks to bring claims on behalf of other individuals who resided at Dismas, the claims must be dismissed because a *pro se* litigant is not permitted to sue on anyone

else's behalf. Section 1654 of Title 28 of the United States Code provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." This statute "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted).

### 2. ADA

Plaintiff also claims that the Dismas Defendants violated his rights under the ADA, but he does not explain how or cite to any provision(s) of the Act. The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Upon review, the Court concludes that the complaint lacks sufficient information to state a claim under the ADA and that the claim, therefore, must be dismissed. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### B. Unknown Social Security Defendants

The Court next turns to Plaintiff's claim that his rights were violated by the "Unknown Social Security" Defendants when they mishandled his "claim." Plaintiff states that when he tried to "restart" his disability, "the girl working my claim at Social Security Office . . . made a $32,000 mistake paying 2nd check for backpay. She was ill-prepare for her job . . . ." The Court is unable to discern a viable claim based upon these allegations. Thus, the Court will dismiss Plaintiff's claims against these Defendants for failure to state a claim upon which relief may be granted.

### C. Private Defendants

As set forth above, Plaintiff alleges that Defendant Lacy attacked him and that Defendant Thompson verbally harassed him and threatened to kill him while he was a resident at Dismas. However, private individuals acting on their own cannot deprive a citizen of his or her constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978); *Hudgens v. NLRB*, 424 U.S. 507, (1976)). Thus, any constitutional claims Plaintiff seeks to bring against Defendants Lacy and Thompson must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent that Plaintiff seeks to bring state-law tort claims against these Defendants, the Court declines to exercise supplemental jurisdiction over such claims. Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."

### IV. MOTION FOR LEAVE TO AMEND

Plaintiff has filed a motion for leave to amend the complaint (DN 14). In the motion, he asks to amend his request from a trial by jury to a "decision by the judge." Because the Court is

8

dismissing the instant action, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend the complaint (DN 14) is **DENIED as moot**.

## V. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date:

cc: Plaintiff, *pro se*
 Defendants
A961.011